UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ, <br> Plaintiff, <br> v. <br> E. GITOVA, et al., <br> Defendants. | Case No. 19-03087 EJD (PR) <br><br> **ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against employees at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. The Court dismissed the complaint with leave to amend to attempt to state sufficient facts to support a First Amendment retaliation claim. Dkt. No. 6. Plaintiff has filed an amended complaint. Dkt. No. 8, hereinafter "Am. Compl."

## DISCUSSION

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that on November 28, 2016, he went to the medication line at Building D-6 of SVSP where Defendant Nurse E. Gitova was working behind a glass counter. Am. Compl. at 3. Plaintiff then showed Defendant Gitova the inside of his coffee cup for her to make sure that he was taking his medication, and accidentally spilled coffee on the countertop. Id. Based on these allegations, Plaintiff claims that his Fourteenth Amendment right was violated by Defendant Gitova. Id. Plaintiff makes no mention of a previously alleged First Amendment claim from the original complaint.

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972); Mullins v. Oregon, 57 F.3d 789, 795 (9th Cir. 1995). Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484

2

(1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and Washington v. Harper, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). A state may not impose such changes without complying with minimum requirements of procedural due process. See id. at 484. Once a protected interest is established, either through the Due Process Clause itself or through a state statute or regulation, the court must determine what process is due before the interest may be taken away. See Wilkinson, 545 U.S. at 224-25.

Plaintiff fails to allege sufficient facts by which the Court can liberally construe a Fourteenth Amendment violation by Defendant Gitova. There are no facts to indicate that Plaintiff was deprived of a fundamental interest under the Due Process clause or an interest created by state law, or that he suffered a change in conditions of confinement that was so severe as to affect the sentence imposed in an unexpected manner. Lastly, there are no facts indicating that Defendant Gitova violated Plaintiff's right to procedural due process before depriving Plaintiff of a protected interest. Accordingly, the amended complaint fails to state a cognizable claim and must be dismissed. The dismissal is without leave to amend because Plaintiff was already afforded one opportunity to amend and the Court finds no good cause to grant him another opportunity where he appears to be merely fishing for a viable cause of action based on the same set of facts which, liberally construed, fail to support any constitutional claim. Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

## CONCLUSION

For the foregoing reasons, the amended complaint is **DISMISSED** with prejudice for failure to state a claim for which relief can be granted.

///

3

**IT IS SO ORDERED.**
Dated: 3/27/2020

_____
EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\CR.19\03087Martinez_dism(ftsac)

4